UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 20-cr-00040-01 |
| | * | |
| VERSUS | * | JUDGE FOOTE |
| | * | |
| CHARLES DREESEN (01) | * | MAGISTRATE JUDGE HORNSBY |

PLEA AGREEMENT

A.   INTRODUCTION

1.   This document contains the complete plea agreement between the government and CHARLES DREESEN, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.   THE DEFENDANT'S OBLIGATIONS

1.   CHARLES DREESEN shall appear in open court and plead guilty to Count Two of the indictment pending in this case.

C.    THE GOVERNMENT'S OBLIGATIONS

1.    If the defendant completely fulfills all of his obligations and agreements under this plea agreement, the government agrees to dismiss the remaining counts of the indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation, which forms the basis of the indictment.

2.    The government will and hereby moves pursuant to U.S.S.G. §3E1.1(b) for the defendant to receive a one-point reduction in his offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

D.    SENTENCING

CHARLES DREESEN understands and agrees that:

1.    The maximum punishment on **Count Two** is a term of imprisonment of not less than ten (10) years up to life (pursuant to 21 U.S.C. § 841 (b)(1)(A)) and a fine of not more than $10,000,000.00 (pursuant to 21 U.S.C. §§ 841(D) and 3571);

2.    The defendant shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court";

3.    As to Count Two (2) in the indictment, the defendant may receive a term

2

of supervised release of at least five (5) years in addition to any term of imprisonment imposed by the Court based on a prior conviction of the same;

4.      A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5.      The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court regardless of the amount of time of the supervised release the defendant had successfully completed;

6.      Any fine imposed as part of the defendant's sentence will be made due and payable immediately, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine shall be applied toward the fine;

7.      As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

8.      This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), that the defendant has discussed the Sentencing Guidelines and their applicability with defendant's counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

9.      The sentencing judge alone will decide what sentence to impose; and,

10.     The failure of the Court to adhere to a sentencing recommendation

3

tendered by counsel shall not be a basis for setting aside the guilty plea, which is the subject of this agreement.

E.    REINSTATEMENT OF ORIGINAL INDICTMENT

CHARLES DREESON understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

F.    ENTIRETY OF AGREEMENT

This plea agreement consists of this document and any addendum required by Standing Order 1.86.  The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case.  It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.  No other promises have been made or implied.

G.    SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, CHARLES DREESEN. It accurately and completely sets forth the entire plea agreement.

I concur in CHARLES DREESEN pleading guilty as set forth in this plea agreement.

Dated: *July 27, 2020*

**BETTY L. MARAK**
Counsel for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: *July 21, 2020*

**CHARLES DREESEN**
Defendant

I accept and agree to this plea agreement on behalf of the United America.

Dated: *7/27/20*

**J. AARON CRAWFORD**
Assistant United States Attorney